

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 19 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

VALERIE BERRY                                                          **PLAINTIFF**

VS                                                     CAUSE NO. 3:16-cv-820 DPJ-FKB

CITY OF CLINTON, MISSISSIPPI; CLINTON,
MISSISSIPPI POLICE DEPARTMENT;
AND JOHN DOES 1-10                                              **DEFENDANTS**

### COMPLAINT
### TRIAL BY JURY

COMES NOW Plaintiff, Valerie Berry, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof alleges as follows:

### PARTIES

1.      Plaintiff Valerie Berry is an African American adult resident citizen of Hinds County, Mississippi, residing at 128 Queen Victoria Lane, Jackson, MS 39209.

2.      Defendant, City of Clinton, is a Mississippi municipality and may be served with process of this Court by serving a copy of the Summons and Complaint upon Mayor Phil Fisher, 300 Jefferson Street, Clinton, Mississippi 39060.

3.      Defendant Clinton Police Department is an agency of the City of Clinton, Hinds County, Mississippi and may be served with process by and through its Chief of Police, Ford Hayman, at the Clinton Police Department located at 305 Monroe St., Clinton, MS, 39056. At all times relevant, the Clinton Police Department officers referenced herein, were employed as sworn law enforcement officers for the City of Clinton, and the Clinton Police Department. Said officers, were there and then acting within the scope and authority of their employment and office.

4.     Defendants John and Jane Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief, officers with the Clinton Police Department.   All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Jane Does 1-10.  Said John and Jane Does 1-10 when their identities are known, will be named and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION

5.     The Plaintiff herein invokes this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiff, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

## VENUE

Venue is proper in this jurisdiction and district pursuant to 28 United States Code§§ 1391 (b) in that the alleged acts and omissions of the Defendant occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

6.     On or about December 2, 2015, Plaintiff was in Clinton Municipal Court, 305 Monroe St, Clinton, Hinds County, MS 39056, for a non-adjudication hearing. Plaintiff, while in the municipal courtroom, was speaking with her attorney and handing him paperwork when suddenly, without warning and unprovoked, a white law enforcement officer, whose identity is

unknown to Plaintiff, employed by the Clinton Police Department, and the City of Clinton, Mississippi, rushed over to Plaintiff and proclaimed, "did you hear me say no talking in the courtroom?" Plaintiff did not reply to the officer, to which the officer proclaimed, "do you hear me talking to you". The officer then told Plaintiff to grab her belongings and come with him outside of the Courtroom.

7. Outside of the Courtroom, the officer continued to verbally accost Plaintiff, yelling, and asking if she heard him when he told her to reply to him with "yes sir" or "no sir". Plaintiff replied to the officer that he asked her not to speak in the Courtroom. At that moment, the officer snatched Plaintiff by her right arm and yanked her with violent force down the hallway to the booking area and proceeded to have her take all of her belongings out of her pockets.

8. Plaintiff was then and there detained, restrained, arrested, and unlawfully imprisoned against her will by the Clinton Police Officer.

9. Another officer with the Clinton Police Department came to the back room where Plaintiff was being detained and told her to come back to the Courtroom so she could finish up her business and leave.

10. Plaintiff left from the Clinton Municipal Court House and went to the hospital where she was diagnosed with having suffered a right torn rotator cuff injury as a result of the injuries and trauma suffered to her shoulder following the actions of the officer with the Clinton Police Department.

## DAMAGES

11. Plaintiff suffered a right torn rotator cuff injury as a result of the injuries she sustained on December 2, 2015 and, as a result, has incurred medical expenses related to the same.

12. Plaintiff was traumatized by the actions of the Clinton Police Department. The assault, unlawful arrest, and imprisonment of her as described herein, has caused Plaintiff to suffer physical injuries, as well as extreme and severe emotional distress.

## CAUSE OF ACTION

13. The officer with the Clinton Police Department, who assaulted, arrested and unlawfully detained Plaintiff, at all times relevant was acting under color of state law and intentionally or with deliberate indifference and callous disregard of Plaintiff's federal protected rights.

14. The officer's assault and the use of excessive force was the result of the policy, practice and custom of the Clinton Police Department. In addition, Defendant's use of excessive force against Plaintiff was the result of the policy, practice and custom of the Clinton Police Department to inadequately supervise and discipline law enforcement officers who use excessive force. The inadequate and negligent supervision and discipline of law enforcement officers by the Clinton Police Department has led to the unnecessary and illegal use of force.

15. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff has suffered physical, emotional and mental injuries, all of which entitles her to damages and relief under 42 U.S.C. § 1983.

## COUNT 1

## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

16. Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraph 1-15, supra. The Plaintiff makes the following allegations with respect to all Defendants.

17. At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing

4

the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiffs were violated. Specifically these Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiffs':

a)      right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi;

b)      right to procedural and substantive due process of the law, specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

c)      right to be free from cruel and unusual punishment pursuant specifically to Eighth and Fourteenth Amendment to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and  Mississippi law.

## <u>COUNT II</u>

### ACTS OF CLINTON POLICE DEPARTMENT

18.    Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-17 supra. The Plaintiff makes the following allegations with respect to all Defendants.

19.    The violations complained in this Complaint for depravation of identifiable civil rights of Plaintiff, include, but are not limited to, the use of unreasonable force, with deliberate indifference to the immediate, grave, and serious violations of Plaintiff's rights, all of which

caused or contributed to the unjustified deprivation of Plaintiff's sacred rights to liberty and freedom. Additionally, Defendants failed to adequately train their officers or hire properly trained officers, all of which caused or contributed to unjustified deprivation of Plaintiff's sacred rights to liberty.

20. Defendants, deliberately and/or negligently implemented a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiff were violated. Upon information and belief, prior to the subject incident, said Defendants were on notice that there was a need to properly train, instruct and supervise the officers employed by the Clinton Police Department. However, said Defendants ignored this vital need, resulting in the unreasonable and unconstitutional custom, usage and policy in effect at the time of the injuries suffered by Plaintiff as complained of herein. The lack of training and supervision resulted in the deprivation of the constitutional rights of the Plaintiff.

21. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such defendants deprived Plaintiff of certain rights guaranteed by the Constitution of the United States and the of the State of Mississippi, Plaintiff experienced pain, suffering, humiliation, degradation, unlawful imprisonment, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff's constitutional rights as outlined herein.

## COUNT III

### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

22. Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-21, supra.

23.    At all times material hereto, all Defendants named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiff of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi.  Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint, and engage in a course of conduct that resulted in the violation of Plaintiff's rights as outlined herein above.

24.    As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff experienced pain, suffering, humiliation, degradation, unlawful imprisonment, and severe emotional and mental anguish and distress.  Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff's constitutional rights as outlined herein.

## COUNT IV

### ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-24, supra.

26.    The actions and/or inactions of Defendants and the unnamed parties, during the illegal assault, imprisonment, and denial of Plaintiff's civil rights were reckless, intentional and so outrageous to such an extreme degree that it exceeded the bounds of decency and, thus is not tolerated by a civilized community.  Plaintiffs suffered reasonably foreseeable damages as a result of these Defendants' conduct and should be compensated for this tort in form of money damages.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.   The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-26 supra.

28.   Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously assaulting him, or by abusing the lawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff by conspiring against Plaintiff, or by interfering with Plaintiff's civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was likely result of their conduct.

29.   Defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

30.   The actions of the Defendants were the cause of Plaintiff's distress.

31.   The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

32.   As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## COUNT VI

### VIOLATION OF 42 U.S.C. § 1983: CONSPIRACY

33.   The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-32, supra with respect to all Defendants.

34.   As a result of the concerted unlawful and malicious conspiracy of Defendants, Plaintiff was deprived of both her liberty and without due process of law and her right to equal protection of the laws, and the due course of justice which was impeded, in violation of the Fifth

and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and 1985.

## COUNT VII

### VIOLATION OF 42 U.S.C. § 1983:
### UNLAWFUL DETENTION AND CONFINEMENT

35.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-34 supra.

36.     As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, and thereafter in the booking room of the Clinton Municipal Court House; as set forth herein, Defendants deprived Plaintiff of her right to her liberty without due process of law and the right to equal protection of the laws, and the course of justice was impeded, in violation of the Fifth and Fourteenth Amendment of the Constitution of the United States 42 U.S.C. § 1983

## COUNT VIII

### VIOLATION OF 42 U.S.C. § 1983: REFUSING OR NEGLECTING TO PREVENT

37.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-36, supra.

38.     At all times relevant to this Complaint, Jane and John Doe officers were acting under the direction and control of the Clinton Police Department.

39.     Acting under color of law and pursuant to official custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis their officers in their duties to refrain from:

a.)     Unlawfully and maliciously arresting, detaining, and imprisoning Plaintiff who was acting in accordance with her statutory and Constitutional rights, privileges, and immunities;

b.)    Otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

### COUNT IX

### CITY OF CLINTON, MISSISSIPPI, CLINTON, MISSISSIPPI POLICE DEPARTMENT

40.    These Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their sworn officers.  This duty includes a responsibility to train, and provide adequate funds for such training of the officers, to properly monitor them, observe and report the deprivation of constitutional rights of individuals in custody to the proper legal authorities.

41.    Defendants, City of Clinton, Mississippi, and Clinton, Mississippi Police Department, jointly and severally, breached each of these duties for failing to provide property training to their officers, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise said officers.  These breaches directly and proximately resulted in the harms and damages alleged herein.

42.    At all times material hereto, all Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of Defendants, City of Clinton, Mississippi, and its Police Department, and their agents, representatives, and employees.

43.    As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish

and distress.  Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff's constitutional rights as outlined herein.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a.      enter a judgment in favor of the Plaintiff and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiff, pursuant to 42 United States Code sections 1983 and 1985, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, from which the Defendants did cause the unlawful, physical pain and suffering, infliction of emotional distress, mental anguish, degradation, humiliation, and any other injury claims that  may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than 2,500,000.00;

b.      enter a judgment in favor of the Plaintiff and against the Defendants, and OTHER UNKNOWN JOHN and JANE DOES 1-10, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiffs, in the amount to be determined by a jury, but not less than $2,500,000.00;

c.      enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of negligent infliction of emotional distress;

d.      enter a judgment against all Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 United States section 1988, all costs of this action and related litigation expenses and expert fees; and

11

e.    enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the *17th* day of October, 2016.

VALERIE BERRY, PLAINTIFF

BY:    _____
EDWARD BLACKMON, JR., MSB #3354
*Attorney for Plaintiffs*

OF COUNSEL:

Bradford J. Blackmon, Esq., MSB #104848
Marcus A. Williams, Esq., MSB #104817
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311

Z:\oldFiles\PERSONAL.INJ\Valerie Berry\COMPLAINT 10.14.16.docx